UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

SHERRY KANEL MCCLOUD,

     Plaintiff,

v.                            Case No.:  5:20-cv-364-DNF

COMMISSIONER OF SOCIAL
SECURITY,

     Defendant.

_____

## OPINION AND ORDER

Plaintiff Sherry Kanel McCloud seeks judicial review of the final decision of the Commissioner of the Social Security Administration ("SSA") denying her claim for a period of disability and disability insurance benefits. The Commissioner filed the Transcript of the proceedings (hereinafter referred to as "Tr." followed by the appropriate page number), and the parties filed memoranda setting forth their respective positions. As explained below, the decision of the Commissioner is **REVERSED and REMANDED** pursuant to § 205(g) of the Social Security Act, 42 U.S.C. § 405(g).

## I.   Social Security Act Eligibility, Standard of Review, Procedural History, and the ALJ's Decision

### A.   Social Security Eligibility

The law defines disability as the inability to do any substantial gainful activity

by reason of any medically determinable physical or mental impairment which can be expected to result in death, or which has lasted or can be expected to last for a continuous period of not less than twelve months. 42 U.S.C. §§ 416(i), 423(d)(1)(A), 1382c(a)(3)(A); 20 C.F.R. §§ 404.1505(a), 416.905(a). The impairment must be severe, making the claimant unable to do her previous work, or any other substantial gainful activity which exists in the national economy. 42 U.S.C. §§ 423(d)(2)(A), 1382c(a)(3)(A); 20 C.F.R. §§ 404.1505–404.1511, 416.905–416.911.

### B.    Standard of Review

The Commissioner's findings of fact are conclusive if supported by substantial evidence. 42 U.S.C. § 405(g). "Substantial evidence is more than a scintilla and is such relevant evidence as a reasonable person would accept as adequate to support a conclusion. Even if the evidence preponderated against the Commissioner's findings, we must affirm if the decision reached is supported by substantial evidence." *Crawford v. Comm'r*, 363 F.3d 1155, 1158 (11th Cir. 2004). In conducting this review, this Court may not reweigh the evidence or substitute its judgment for that of the ALJ, but must consider the evidence as a whole, taking into account evidence favorable as well as unfavorable to the decision. *Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1178 (11th Cir. 2011) (citation omitted); *Foote v. Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995); *Martin v. Sullivan*, 894 F.2d 1520, 1529 (11th Cir. 1990). Unlike findings of fact, the Commissioner's conclusions of

law are not presumed valid and are reviewed under a de novo standard. *Keeton v. Dep't of Health & Human Servs.*, 21 F.3d 1064, 1066 (11th Cir. 1994); *Maldonado v. Comm'r of Soc. Sec.*, No. 20-14331, 2021 WL 2838362, at *2 (11th Cir. July 8, 2021); *Martin*, 894 F.2d at 1529. "The [Commissioner's] failure to apply the correct law or to provide the reviewing court with sufficient reasoning for determining that the proper legal analysis has been conducted mandates reversal." *Keeton*, 21 F.3d at 1066.

The ALJ must follow five steps in evaluating a claim of disability. 20 C.F.R. §§ 404.1520, 416.920. At the first step, the ALJ must determine whether the claimant is currently engaged in substantial gainful employment. 20 C.F.R. § 404.1520(a)(4)(i), (b); 20 C.F.R. § 416.920(a)(4)(i), (b). At step two, the ALJ must determine whether the impairment or combination of impairments from which the claimant allegedly suffers is "severe." 20 C.F.R. § 404.1520(a)(4)(ii), (c); 20 C.F.R. § 416.920(a)(4)(ii), (c). At step three, the ALJ must decide whether the claimant's severe impairments meet or medically equal a listed impairment. 20 C.F.R. § 404.1520(a)(4)(iii), (d); 20 C.F.R. § 416.920(a)(4)(iii), (d). If the ALJ finds the claimant's severe impairments do not meet or medically equal a listed impairment, then the ALJ must determine whether the claimant has the residual functional capacity ("RFC") to perform her past relevant work. 20 C.F.R. § 404.1520(a)(4)(iv), (e)–(f); 20 C.F.R. § 416.920(a)(4)(iv), (e)–(f).

If the claimant cannot perform past relevant work, the ALJ must determine at step five whether the claimant's RFC permits her to perform other work that exists in the national economy. 20 C.F.R. §§ 404.1520(a)(4)(v), (g), 416.920(a)(4)(v), (g). At the fifth step, there are two ways in which the ALJ may establish whether the claimant is capable of performing other work available in the national economy. The first is by applying the Medical Vocational Guidelines, and the second is by the use of a vocational expert. *Phillips v. Barnhart*, 357 F.3d 1232, 1239-40 (11th Cir. 2004); *Atha v. Comm'r, Soc. Sec. Admin.*, 616 F. App'x 931, 933 (11th Cir. 2015).

The claimant bears the burden of proof through step four. *Atha*, 616 F. App'x at 933. If the claimant meets this burden, then the burden temporarily shifts to the Commissioner to establish the fifth step. *Id.*; 20 C.F.R. § 404.1520(a)(4)(v), (g); 20 C.F.R. § 416.920(a)(4)(v), (g). If the Commissioner presents evidence of other work that exists in significant numbers in the national economy that the claimant is able to perform, only then does the burden shift back to the claimant to prove she is unable to perform these jobs. *Atha*, 616 F. App'x at 993.

### C.    Procedural History

Plaintiff filed an application for a period of disability and disability insurance benefits on June 15, 2017, alleging disability beginning April 13, 2016. (Tr. 73, 174-75). The application was denied initially on February 27, 2018, and upon reconsideration on May 16, 2018. (Tr. 73, 92). Plaintiff requested a hearing and a

hearing was held on July 22, 2019, before Administrative Law Judge ("ALJ") Gregory Moldafsky. (Tr. 29-54). On October 24, 2019, the ALJ entered a decision finding Plaintiff not disabled from April 13, 2016, through the date of the decision. (Tr. 21).

Plaintiff requested review of the hearing decision, but the Appeals Council denied Plaintiff's request on June 3, 2020. (Tr. 1-6). Plaintiff initiated the instant action by Complaint (Doc. 1) filed on July 17, 2020, and the case is ripe for review. The parties consented to proceed before a United States Magistrate Judge for all proceedings. (Doc. 31).

**D.    Summary of ALJ's Decision**

In this matter, the ALJ found Plaintiff meets the insured status requirements of the Social Security Act through December 31, 2022. (Tr. 12). At step one of the sequential evaluation, the ALJ found that Plaintiff had not engaged in substantial gainful activity since April 13, 2016, the alleged onset date. (Tr. 12). At step two, the ALJ found that Plaintiff had the following severe impairments: "chronic pulmonary obstructive disorder, asthma, cervicalgia and degenerative disc disease of the cervical spine, migraine headaches, lumbosacral radiculitis, morbid obesity, bipolar disorder, depression, post[-]traumatic stress disorder, right shoulder tendinitis, and pain in the right hand with osteoarthritis of the first carpometacarpal joints." (Tr. 12). At step three, the ALJ found Plaintiff did not have an impairment

or combination of impairments that meets or medically equals the severity of any of

the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1 (20 C.F.R. §§

404.1520(d), 404.1525, and 404.1526). (Tr. 13).

Before proceeding to step four, the ALJ found that Plaintiff had the following

RFC:

> After careful consideration of the entire record, I find that the claimant has the residual functional capacity to perform light work as defined in 20 [C.F.R. § 404.1567(b) except this claimant can only occasionally climb ramps and stairs; never climb ladders, ropes, and scaffolds; occasionally stoop, balance, kneel, and crouch; never crawl; never work at unprotected heights. She may have no more than occasional exposure to fumes, odors or other pulmonary irritants and no more than a moderate noise level. In addition, this claimant is limited to simple (as defined in the D.O.T. with SVP ratings of 1 and 2), routine, repetitive tasks, in a work environment that is not fast paced or has strict production quotas (e.g., work that is goal based or measured by end result). Additionally, this claimant is limited to no more than incidental interaction with the general public and occasional interaction with co-workers and supervisors. Further, this claimant is limited to jobs where changes in work setting or processes are few, if any, and any changes are explained in advance.

(Tr. 16).

The ALJ found Plaintiff unable to perform past relevant work as a beautician.

(Tr. 20). At step five, the ALJ relied on the testimony of a vocational expert to find

that considering Plaintiff's age (41 on the alleged onset date), education (at least

high school education), work experience, and RFC, there are jobs that existed in

significant numbers in the national economy that Plaintiff could perform. (Tr. 20-21). Specifically, the ALJ found that Plaintiff could perform such occupations as:

(1)   folder, DOT[1] 369.687-018, light, unskilled, SVP 2

(2)   mail clerk, DOT 209.687-026, light, unskilled SVP 2

(3)   sorter, DOT 361.687-014, light, unskilled, SVP 2

(Tr. 21). The ALJ concluded that Plaintiff had not been under a disability from April 13, 2016, through the date of the decision. (Tr. 21).

## II.   Analysis

On appeal, Plaintiff raises a single issue: whether the ALJ's consideration of Plaintiffs subjective complaints was sufficient. (Doc. 36, p. 9). Plaintiff argues the ALJ erred in his consideration of Plaintiff's subjective complaints. Plaintiff claims that the ALJ's determination of Plaintiff's subjective complaints uses no more than boilerplate type language, and contains no clear articulation of specific reasons for undermining her testimony. (Doc. 36, p. 10-11).

A claimant may establish that she is disabled through her own testimony of pain or other subjective symptoms. *Ross v. Comm'r of Soc. Sec.*, 794 F. App'x 858, 867 (11th Cir. 2019) (citing *Dyer v. Barnhart*, 395 F.3d 1206, 1210 (11th Cir. 2005)). In such a case, a claimant must establish:

"(1) evidence of an underlying medical condition and either (2) objective medical evidence that confirms the severity of the

---

[1] DOT refers to the *Dictionary of Occupational Titles*.

> alleged pain arising from that condition or (3) that the
> objectively determined medical condition is of such a severity
> that it can be reasonably expected to give rise to the alleged
> pain."

*Id.* (quoting *Dyer*, 395 F.3d at 1210). When evaluating a claimant's testimony, the

ALJ should consider: (1) the claimant's daily activities; (2) the location, duration,

frequency, and intensity of the claimant's pain or other symptoms; (3) precipitating

and aggravating factors; (4) the type, dosage, effectiveness, and side effects of any

medication to alleviate pain or other symptoms; (5) treatment other than medication

for relief of pain or other symptoms; (6) any measures a claimant uses to relieve pain

or other symptoms; and (7) other factors concerning a claimant's functional

limitations and restrictions due to pain or other symptoms. 20 C.F.R. §§

404.1529(c)(3), 416.929(c)(3); *Ross v. Comm'r of Soc. Sec.*, 794 F. App'x 858, 867

(11th Cir. 2019). The ALJ must consider these factors given all of the evidence of

record. *Id.* And if the ALJ discredits this testimony, then the ALJ "'must clearly

articulate explicit and adequate reasons' for' doing so." *Id.* (quoting *Dyer*, 395 F.3d

at 1210). The ALJ may consider the consistency of the claimant's statements along

with the rest of the record to reach this determination. *Id.* Such findings "'are the

province of the ALJ,' and we will 'not disturb a clearly articulated credibility finding

supported by substantial evidence.'" *Id.* (quoting *Mitchell v. Comm'r of Soc. Sec.*,

771 F.3d 780, 782 (11th Cir. 2014)). A decision will be affirmed as long as the

decision is not a "broad rejection which is not enough to enable [a reviewing court]

to conclude that the ALJ considered [the claimant's] medical condition as a whole." *Dyer*, 395 F.3d at 1211 (quotation and backets omitted).

At the hearing, Plaintiff testified that she suffers from migraine headaches at least two times per week that are severe at times. (Tr. 38-39). She also suffers from depression and post-traumatic stress disorder. (Tr. 39). She testified that she receives treatment for pain at a pain management clinic for fibromyalgia in all parts of her body, a pinched nerve in her neck, a couple of discs in her back, her elbows, wrists, shoulders, knees, and lifting her arms. (Tr. 40, 42).

The ALJ made the following finding as to Plaintiff's subjective complaints:

> After careful consideration of the evidence, I find that the claimant's medically determinable impairments could reasonably be expected to cause the alleged symptoms; however, the claimant's statements concerning the intensity, persistence and limiting effects of these symptoms are not entirely consistent with the medical evidence and other evidence in the record for the reasons explained in this decision.

(Tr. 17). After this finding, the ALJ proceeded to summarize the medical evidence as to Plaintiff's asthma, chronic obstructive pulmonary disease, degenerative disc disease, history of morbid obesity, and mental impairments. (Tr. 17-19).

The Commissioner argues that the ALJ articulated specific reasons supporting his findings concerning Plaintiff's subjective symptoms. (Doc. 37, p. 5). While citing generally to the decision, the Commissioner claims the objective and other medical evidence is inconsistent with Plaintiff's subjective complaints as follows: (1)

Plaintiff's own statements regarding her functioning undermine her claims of disabling symptoms; (2) Plaintiff did not seek treatment from specialists for her allegedly disabling symptoms; (3) her treatment was conservative in nature, consisting of primarily medications; and (4) there were gaps in Plaintiff's treatment. (Doc. 37, p. 5-6 (citing generally Tr. 17-19)).

On review of the decision, the ALJ's consideration of Plaintiff's subjective symptoms was insufficient. The ALJ's statement that Plaintiff's statements concerning the intensity, persistence and limiting effects of these symptoms were "not entirely consistent with the medical evidence and other evidence in the record for the reasons explained in this decision," (Tr. 17), was "'boilerplate language commonly found in Social Security decisions.'" *Beard v. Comm'r of Soc. Sec.*, No. 6:19-cv-626-ORL-LRH, 2020 WL 3971831, at *6 (M.D. Fla. July 14, 2020) (quoting *Pate v. Comm'r of Soc. Sec.*, No. 6:14-cv-1493-Orl-GJK, 2016 WL 455443, at *4 (M.D. Fla. Feb. 5, 2016)). In the absence of specifically articulated reasons why the ALJ found Plaintiff's subjective complaints inconsistent with the medical records, the ALJ's general statement is insufficient to permit meaningful review. *Id.* (collecting cases).

To overcome this deficiency, the Commissioner cites generally to the ALJ's summary of the medical evidence and other evidence of record in support of the ALJ's decision, but it is unclear what specific evidence the ALJ relied on to find

Plaintiff's statements inconsistent with the evidence of record. (Doc. 37, p. 5-6). As a result, the Commissioner's argument amounts to *post hoc* rationalization as it attempts to support the ALJ's boilerplate subjective complaint findings, but this rationalization was not articulated by the ALJ in the decision. *Pate v. Comm'r of Soc. Sec.*, No. 6:14-cv-1493-ORL-GJK, 2016 WL 455443, at *4 (M.D. Fla. Feb. 5, 2016). While the summarization of the evidence may contain facts to support the ALJ's decision as to Plaintiff's subjective complaints, the ALJ did not articulate his reasons. Without the ALJ articulating clear reasons to discount Plaintiff's subjective symptoms, the Court is unable to review the ALJ's decision to determine whether it is supported by substantial evidence and the decision must be reversed.

## III.    Conclusion

The decision of the Commissioner is **REVERSED,** and this action is **REMANDED** pursuant to sentence four of 42 U.S.C. § 405(g) for the Commissioner to reconsider Plaintiff's subjective symptoms in conjunction with the other evidence of record. The Clerk of Court is directed to enter judgment consistent with this opinion, terminate any motions and deadlines, and thereafter close the file.

**DONE** and **ORDERED** in Fort Myers, Florida on October 27, 2021.

DOUGLAS N. FRAZIER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties